UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AARON R. BUTLER | CIVIL ACTION |
| VERSUS | NO: 15-6799 |
| QUICKEN LOANS INC. | SECTION: "S" (4) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendant Quicken Loans Inc.'s Motion for Summary Judgment (Doc. #9) is **GRANTED**, and plaintiff's claims against it are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff-in-Counterclaim Quicken Loans Inc.'s Motion for Summary Judgment (Doc. #11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Aaron R. Butler's Motion for Summary Judgment (Doc. #17) is **DENIED**.[1]

### BACKGROUND

This matter is before the court on two motions for summary judgment filed by Quicken Loans, Inc., one in its capacity as the defendant (Doc. #9), and the other in its capacity as the plaintiff-in-counterclaim (Doc. #11). It is also before the court on Plaintiff's Motion for Summary Judgment (Doc. #17). Quicken Loans argues that, because there was a valid promissory note and mortgage, plaintiff's claims against it for cancellation of those instruments should be dismissed, and

---

[1] Butler is proceeding *pro se*. Because Butler is proceeding *pro se*, the court must construe his pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). Butler's motion for summary judgment does not comply with the Federal Rules of Civil Procedure or the Local Rules because it was filed as part of his opposition to Defendant Quicken Loans's motion for summary judgment. Further, Butler's motion does not cite any authority or present any evidence demonstrating that he is entitled to summary judgment finding that the promissory note and mortgage are invalid.

it should be granted summary judgment awarding it full payment of the promissory note, plus interest, corporate advances, late charges, attorneys' fees, expenses and costs. Quicken Loans also argues that plaintiff, Aaron R. Butler, cannot prevail on his defamation claim because it acted properly under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Butler argues that summary judgment should be granted in his favor because no loan was given.

On August 8, 2014, Butler, executed, in the presence of a Notary, a promissory note secured by a mortgage encumbering immovable property located at 1551 E. Second Street, Gramercy, Louisiana in the principal amount of $49,004 in favor of Quicken Loans. The promissory note requires Butler to "make a payment of principal and interest to [Quicken Loans] on the first day of each month beginning on October 1, 2014," "in the amount of U.S. $268.92" per month. The promissory note provides that if Butler defaults by failing to make his monthly payments, Quicken Loans may require immediate payment in full of the remaining principal balance and all accrued interest. In the event of default, interest continues to accrue at a rate of 4.375% per year, which is $5.83 per day. Further, Quicken Loans may require Butler to pay costs and expenses incurred in enforcing the promissory note including reasonable attorneys' fees of 3.0% of the sums due under the promissory note. The mortgage requires Butler to pay to Quicken Loans corporate advances and late fees if he fails to make payments under the promissory note.

Butler sent to Quicken Loans correspondence dated May 26, July 13, August 19, September 15, and October 12, 2015, arguing that his promissory note and mortgage were no longer payable by virtue of House Joint Resolution 192. Specifically, Butler argues that his debt should have a zero balance because "all debts must be discharged dollar for dollar, because there is no real money in

circulation." Butler also argues that there was no consideration for the loan because there is no check with his name on it and Quicken Loans failed to sign the documents.

Quicken Loans responded to Butler's letters with correspondence dated July 21, August 28, and October 2, 2015. Quicken Loans advised Butler that the promissory note and mortgage were in effect and Butler was required to make monthly payments.

From September 1, 2015, Butler failed to make his monthly installment payments. On October 23, 2015, Quicken Loans sent to Butler via certified mail a Notice of Breach and Default, which informed Butler that, if the default was not cured on or before November 17, 2015, Quicken Loans would require full payment of all sums evidenced by the promissory note and secured by the mortgage without further demand.

On November 13, 2015, Butler filed this action in the Twenty-Third Judicial District Court, Parish of St. James, State of Louisiana against Quicken Loans seeking to have his promissory note and mortgage declared invalid. Butler contends that the promissory note and mortgage are invalid because he discovered statements in the mortgage that were not disclosed to him at the closing, Quicken Loans failed to sign the mortgage, Quicken Loans does not have possession of both the promissory note and mortgage according to the "split-the-note" theory, and Quicken Loans cannot produce Butler's "original wet ink signature" on the promissory note. Butler also argues that the loan is discharged by operation of House Joint Resolution 192. Further, Butler seeks an award of "punitive damages" for Quicken Loan's alleged defamation of character for reporting him to the "Credit Bureau without just cause."

Quicken Loans removed the action to the United States District Court for the Eastern District of Louisiana alleging diversity and federal question subject-matter jurisdiction. Thereafter, Quicken

3

Loans filed a counterclaim in which it seeks full payment of the promissory note plus interest and fees.

On March 9, 2016, Quicken Loans filed the instant motions for summary judgment. It argues that Butler cannot sustain a claim against it and that it should be granted summary judgment on its counterclaim. Quicken Loans seeks a judgment in the amount of $47,941.01 for the principal balance, $1,223.46 in accrued and unpaid interest as of March 1, 2015, $75 for a corporate advance, and $64.59 in late charges, plus attorneys' fees in the amount of $1,479.12[2] and interest accruing at $5.83 per day from March 1, 2015, until the Judgment is paid in full.

## ANALYSIS

**I.    Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing

---

[2] This amount is 3.0% of $49,304.03, which is the total amount due on the loan when the principal balance, accrued and unpaid interest, corporate advance and late charges are added together.

4

substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 106 S.Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**II.    Quicken Loan's Motion for Summary Judgment as Defendant**

**A.  Validity of the Promissory Note and Mortgage**

Quicken Loans argues that Butler cannot establish that the promissory note and mortgage are invalid under any of the theories he asserts.

**(1) Statements in the Mortgage that Were Not Disclosed to Butler at the Closing**

Butler contends that, after the closing, he studied the mortgage documents and discovered statements that were not disclosed to him at the closing. He claims that the Notary rushed through the closing and did not properly explain the documents.

In Aguillard v. Auction Mgmt. Corp., 908 So.2d 1, 17 (La. 2005), the Supreme Court of Louisiana explained:

> The Civil Code recognizes the right of individuals to freely contract.
> La. Civ. Code art. 1971; see also, Art. I, § 23 of the Louisiana

> Constitution of 1974. " 'Freedom of contract' signifies that parties to an agreement have the right and power to construct their own bargains." <u>Louisiana Smoked Products, Inc. v. Savoie's Sausage and Food Products, Inc.</u>, 96–1716 (La. 7/1/97), 696 So.2d 1373, 1380 (citing Blake D. Morant, <u>Contracts Limiting Liability: A Paradox with Tacit Solutions</u>, 69 Tul.L.Rev. 715 (1995)).
>
> It is well settled that a party who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, that he did not understand it, or that the other party failed to explain it to him. <u>See</u>, e.g., <u>Tweedel v. Brasseaux</u>, 433 So.2d 133, 137 (La. 1983) (stating: "The presumption is that parties are aware of the contents of writings to which they have affixed their signatures . . . The burden of proof is upon them to establish with reasonable certainty that they have been deceived." "If a party can read, it behooves him to examine an instrument before signing it; and if he cannot read, it behooves him to have the instrument read to him and listen attentatively whilst this is being done.").

This principle applies to mortgage documents. <u>See</u> <u>Bank of N.Y. Trust v. Bass</u>, 2013 WL 6040235 (La. Ct. App. 2013).

Butler signed the mortgage documents. Thus, under Louisiana law, it is presumed that he read and understood them. His contention that he later discovered provisions that were not explained to him at the closing does not invalidate the agreement.

### (2) Quicken Loans Failed to Sign the Mortgage

Article 3288 of the Louisiana Civil Code provides:

> A contract of mortgage must state precisely the nature and situation of each of the immovables or other property over which it is granted; state the amount of the obligation, or the maximum amount of the obligations that may be outstanding at any time and from time to time that the mortgage secures; and be signed by the mortgagor.

"A contract of mortgage need not be signed by the mortgagee, whose consent is presumed and whose acceptance may be tacit." La. Civ. Code art. 3289.

6

The mortgage in question complies with Article 3288, and pursuant to Article 3289, Quicken Loans did not need to sign it. Thus, the fact that Quicken Loans did not sign the mortgage does not invalidate the agreement.

### (3) Quicken Loans Does Not Have Possession of Both the Promissory Note and Mortgage According to the "Split-the-Note" Theory

Pursuant to Texas law, "[u]nder the 'split-the-note' theory, transferring a note without the deed of trust 'splits' the note from the deed and renders both null." Harris Cnty. Tex. v. Merscorp Inc., 791 F.3d 545, 555 (5th Cir. 2016) (citing Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 254 (5th Cir. 2013)). This theory fails under Louisiana law because Louisiana Civil Code article 3312 provides that "[a] transfer of an obligation secured by a mortgage includes the transfer of the mortgage." See Tex. Bank of Beaumont v. Bozorg, 457 So.2d 667, 673 n.5 (La. 1984) ("In the case of the ordinary conventional mortgage in which the debt is evidence by a note secured by the mortgage, assignment of the note includes the mortgage in the transfer, because the mortgage is an accessory.").

In this case, Quicken Loans possesses the original promissory note containing Butler's "wet ink signature" and the original mortgage, which has not been transferred to anyone, and is properly recorded in the Mortgage Records for St. James Parish. Thus, the split-the-note concept does not apply.

### (4) Quicken Loans Cannot Produce Butler's "Original Wet Ink Signature" on the Promissory Note

In his affidavit, Scott Evely, Quicken Loans's Loss Mitigation Officer/Foreclosure Specialist declared that the original promissory note was attached to his affidavit, and Quicken Loans

introduced it into evidence. Thus, Quicken Loans clearly has the original promissory note, and this argument is rendered moot.

### B. House Joint Resolution 192

House Joint Resolution 192 of June 5, 1933, involved the suspension of the gold standard. It is presently codified at 31 U.S.C. § 5118(d), which states that obligations requiring repayment in gold and issued after October 1977 are satisfiable by United Stats coin or currency that is legal tender at the time of repayment.

Butler argues that by virtue of this statute, there is "no real money in circulation," thus all debts must be discharged. This argument that the lack of a gold standard makes all repayment impossible has been rejected since 1935. See Norman v. Baltimore & O.R. Co., 55 S.Ct. 407, 414-16 (1935). Thus, Quicken Loans is entitled to summary judgment on Butler's argument that his debt must be discharged under this theory.

### C. Defamation of Character

Butler also seeks an award of "punitive damages" for Quicken Loan's alleged defamation of character for reporting him to the "Credit Bureau without just cause." He argues that, because the debt was not valid under the theories discussed above, Quicken Loans had no right to report his non-payment.

The FCRA provides that a consumer reporting agency may furnish a consumer report to a person that "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to . . . the consumer." 15 U.S.C. § 1681b(a)(3)(A). The FCRA requires persons furnishing information about consumers to the consumer reporting agencies to supply accurate information. Id. at § 1681s-

2(a)(5). Any financial institution that submits negative information to the consumer reporting agencies must notify the borrower, in writing, of such submission within 30 days. Id. at § 1681s-2(a)(7). "Section 1681h(e) bars a consumer from bringing any claim 'in the nature of defamation . . . with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer.'" Morris v. Equifax Info. Servs., LLC, 457 F.3d 460, 470-71 (5th Cir. 2006) (quoting 15 U.S.C. § 1681h(e)).

Prior to extending the loan, Quicken Loans ran an initial credit report on Butler and informed him of its information sharing policy. Each month, Quicken Loans furnished accurate information to the consumer credit reporting agencies regarding Butler's payment history on the promissory note. On October 7, 2015, Quicken Loans sent Butler a Credit Disclosure Letter notifying him that Quicken Loans had reported negative information to the consumer credit bureaus regarding his non-payment. Quicken Loans complied with the FCRA and thus is not liable for defamation.

Because Butler cannot prevail on any of his theories negating the promissory note and mortgage or his defamation claim, Quicken Loan's motion for summary judgment in its capacity as a defendant is GRANTED.

### III. Quicken Loans's Motion for Summary Judgment as Plaintiff-In-Counterclaim

Quicken Loans argues that it is entitled to summary judgment on its counterclaim and an order requiring Butler to repay the promissory note in full, plus interest and fees.

"In a suit for the collection of a promissory note, the [lender's] production of the note sued upon makes his case." Merchants Trust & Sav. Bank v. Don's Int'l, Inc., 538 So.2d 1060, 1061 (La. Ct. App. 1989). When the lender introduces the promissory note into evidence, "the burden of proof

shifts to the [borrower] to establish the nonexistence, extinguishment or variance in payment of the obligation." Id. (citations omitted).

Quicken Loans has produced the promissory note and demonstrated that Butler defaulted by failing to make his payment due September 1, 2015, and all payments due thereafter. As discussed above, Butler's theories for invalidating the promissory note, mortgage and debt fail. Therefore, Quicken Loans motion for summary judgment on enforcement of the promissory note is GRANTED, and it is awarded $47,941.01 for the principal balance, $1,223.46 in accrued and unpaid interest as of March 1, 2015, $75 for a corporate advance, and $64.59 in late charges, plus attorneys' fees in the amount of $1,479.12, and interest accruing on the principal balance at $5.83 per day from March 1, 2015, until the Judgment is paid in full.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Quicken Loans Inc.'s Motion for Summary Judgment (Doc. #9) is **GRANTED**, and plaintiff's claims against it are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff-in-Counterclaim Quicken Loans Inc.'s Motion for Summary Judgment (Doc. #11) is **GRANTED**.

New Orleans, Louisiana, this __6th__ day of April, 2016.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**